# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60288-CIV-DIMITROULEAS

MARY DELK,
    Plaintiff,

vs.

STORM TIGHT WINDOWS, INC.,
    Defendant.
_____/

## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (THIS "AGREEMENT") is entered into by and among Storm Tight Windows, Inc. ("Defendant") including its representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendant"), and Mary Delk ("Plaintiff"), including her heirs, representatives, attorneys, successors, and assigns (hereinafter referred to as "Plaintiff") (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1.    **Mutual General Release.**  In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendant, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under The Fair Labor Standards Act ("FLSA"). With regard to Storm Tight Windows, Inc., the release from Plaintiff to Defendant shall also cover Defendant's employees, officers, directors, and shareholders.

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff against Defendant in the lawsuit styled *MARY DELK v. STORM TIGHT WINDOWS, INC.,* Case No.: 020-60288-CIV-DIMITROULEAS pending before the U.S.

___ (Plaintiff)

**1 of 5**

___ (Defendant).

Doc ID: 4f54665a72e11dd658574ce83bdba29922443d2a

District Court for the Southern District of Florida for violation of FLSA (hereinafter referred to as the "Litigation").

    **2.**   <u>**Settlement Amount and Attorney's Fees**</u>.   In consideration of the mutual promises exchanged herein, Defendant shall pay the total sum of Seven Thousand Five Hundred Dollars and 00/100 Cents ($7,500.00). (the "Settlement Funds"), which shall be issued in two (2) checks one to Plaintiff and one Wenzel Fenton & Cabassa, P.A., Plaintiff's Counsel, both to be delivered to 1110 North Florida Ave., Florida 33602, not later than fourteen (14) business days after court approval.

The Settlement Funds shall be paid and allocated by Defendant as follows:

    i. Plaintiff shall receive the total amount of Two Thousand Five Hundred Dollars (2,500.00) payable to Plaintiff of which represents unpaid wages pursuant to Plaintiff's FLSA claim; and

    ii. Five Thousand Dollars and 00/100 cents ($5,000.00) payable to Plaintiff's Counsel, of which One Thousand Eight Hundred Dollars and 00/100 cents ($1,800.00) represents attorneys' fees and Three Thousand Two Hundred Dollars and 00/100 cents ($3,200.00) represents costs in this litigation.

    Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Defendant shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than five (5) days after the execution date of this agreement. In the event settlement is not approved by the court, any reallocation of the amounts paid to Plaintiff shall come from the amounts allocated for attorney's fees and cost so that the maximum payment does not exceed Seven Thousand Five Hundred Dollars and 00/100 cents (7,500.00).

    **3.**   <u>**Payment Default**</u>. Should Defendant fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Kenneth L. Minerly, Esq., at ken@minerlyfein.com. Defendant shall have five (5) business days from receipt of the written notice to cure the default.

    **4.**   <u>**Indemnification**</u>. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendant, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendant by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person.

___ (Plaintiff)

**2** of **5**

___ (Defendant).

5.      **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6.      **Non-Admission Clause.** By entering into this Agreement, Defendant does not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

7.      **Mutual Non-Disparaging Remarks**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

8.      **No Re-Hire/No Reinstatement.** Plaintiff agrees to never apply for employment and/or seek independent contractor work with Defendant. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. In consideration for the payments made by Defendant under this Agreement, and in light of the irreconcilable differences between the Parties, Plaintiff acknowledges and agrees that she is not entitled to, and will not accept, reemployment or reinstatement of employment with Defendant.

9.      **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendant shall only provide the dates and position held by Plaintiff while working for Defendant.

10.     **Confidentiality.** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendant or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountants; (5) for reporting to Taxing authorities; (6) Plaintiff's spouse; (7) or when otherwise required by law.

Notwithstanding the above "confidentiality" provision, this Settlement Agreement shall be attached as an Exhibit to the Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice and shall be filed on PACER for Court approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

11.     **Jurisdiction.** The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. This Agreement shall be enforceable in the appropriate court in Broward County, Florida.

___ (Plaintiff)

**3 of 5**

___ (Defendant).

12.     **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement.  Defendant, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     **Severability.**  In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

14.     **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter.  No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

15.     **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

16.     **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendant to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

17.     **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

18.     **Construction.**  Plaintiff and Defendant have jointly participated in the negotiation of this Agreement.  In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

___ (Plaintiff)

**4 of 5**

___ (Defendant).

Doc ID: 4f54665a72e11dd658574ce83bdba29922443d2a

**(Plaintiff)**

By: _____
      **Mary Delk**


                12 / 22 / 2020
Date: _____


By: _____
      **Scott Weaver, Esq. for Plaintiff**

Date: _____


By: _____
      **Luis Cabassa, Esq. for Plaintiff**

Date: _____


**(Defendant)**

By: _____
Name: **Lee Brown**
Title: **President**

Date: ___**12/23/2020**_____


By: _____
      **Kenneth Minerly, Esq. for Defendant**

Date: _____


**5** of **5**

___ (Plaintiff)                                                                  ___ (Defendant).

Doc ID: 4f54665a72e11dd658574ce83bdba29922443d2a

**(Plaintiff)**

By:_____
   Mary Delk

Date: _____

By: _____
   Scott Weaver, Esq. for Plaintiff

Date: __12-22-2020__

By: _____
   Luis Cabassa, Esq. for Plaintiff

Date: __12 / 22 / 2020__

**(Defendant)**

By:_____
Name: Lee Brown
Title: President

Date: _____

By: _____
   Kenneth Minerly, Esq. for Defendant
Meghan miller
Date: __12/24/2020__

**5 of 5**

___ (Plaintiff)

___ (Defendant).

Doc ID: 262a6fbca23c4fcb00b52c3af9ce8abdb1893d68